# EXHIBIT C

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br><br>2009060400175001001E3DAF |
|---|---|

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 14 |
|---|---|---|
| **Document ID:** 2009060400175001 | Document Date: 04-28-2009 | Preparation Date: 06-04-2009 |
| **Document Type:** EASEMENT | | |
| **Document Page Count:** 12 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| FIDUCIARY<br>43 NORTH BROADWAY<br>NYACK, NY 10960<br>845-358-6020<br>ewinter@fiduciarytitle.com | FIDUCIARY<br>43 NORTH BROADWAY<br>NYACK, NY 10960<br>845-358-6020<br>ewinter@fiduciarytitle.com |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 851 | 56 Partial Lot | | 26 EAST 23RD STREET |

**Property Type:** COMMERCIAL REAL ESTATE Easement

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| FLAMINGO LLC<br>32 FLAMINGO ROAD<br>EAST HILLS, NY 11576 | SLAZER ENTERPRISES OWNER LLC<br>230 CONGERS ROAD<br>NEW CITY, NY 10956 |

x Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 50.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 97.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed 06-05-2009 13:59
City Register File No.(CRFN):
**2009000169846**

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER | <br>2009060400175001001C3F2F |
|---|---|

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)  PAGE 2 OF 14**

**Document ID:** 2009060400175001  Document Date: 04-28-2009  Preparation Date: 06-04-2009
Document Type: EASEMENT

**PARTIES**
**GRANTEE/BUYER:**
MADISON PARK GROUP OWNER LLC
230 CONGERS ROAD
NEW CITY, NY  10956

**GRANTEE/BUYER:**
24 EAST 23RD COMMERCIAL LLC
230 CONGERS ROAD
NEW CITY, NY  10956

**GRANTEE/BUYER:**
JMJS 23RD STREET REALTY OWNER LLC
230 CONGERS ROAD
NEW CITY, NY  10956

**GRANTEE/BUYER:**
PARK MADISON ASSOCIATES, LLC
230 CONGERS ROAD
NEW CITY, NY  10956

# Easement Agreement

THIS EASEMENT AGREEMENT (this "Agreement") dated as of April 28, 2009, by and between FLAMINGO LLC [or Designee], a New York Limited Liability Company, having an address at 32 Flamingo Road, East Hills, New York 11576, Attention: Abe Shrem (together with its successor and assigns, "Owner"), and SLAZER ENTERPRISES OWNER LLC, a New York limited liability company, MADISON PARK GROUP OWNER LLC, a New York limited liability company, JMJS 23rd STREET REALTY OWNER LLC, a New York limited liability company, FKF MADISON GROUP OWNER LLC, a New York limited liability company, 24 EAST 23rd COMMERCIAL LLC, a New York limited liability company, and PARK MADISON ASSOCIATES, LLC a New York limited liability company, all having an address at 230 Congers Road, New City, New York 10956 (together with their respective successors and assigns, individually and collectively, "Slazer"), and 24 EAST 23rd COMMERCIAL LLC, a New York limited liability company, having an address at 230 Congers Road, New City, New York 10956 (together with its successor and assigns, "24 East").

## WITNESSETH:

WHEREAS, Owner is the fee owner of certain real property known as 26 East 23rd Street, New York, New York (Block 851, Lot: 56 on the New York County Tax Map) (the "**Flamingo Property**"), which is more particularly described on **Schedule A** annexed hereto and made a part hereof, together with the building situated thereon (the "**Flamingo Building**");

WHEREAS, Slazer is the fee owner of certain real property previously known as 20-24 East 23rd Street and 23 East 22nd Street, New York, New York, and currently known as (Block 851, Lot 1902 on the New York County Tax Map) (the "**Slazer Parcel**"), 24 East is the fee owner of certain real property previously known as 20-24 East 23rd Street and 23 East 22nd Street, New York, New York, and currently known as (Block 851, Lot 1901 on the New York County Tax Map) (the "**24 East 23rd Parcel**"), which are more particularly described on **Schedule B** annexed hereto and made a part hereof, together with the building or buildings situated or to be situated thereon (collectively, the "**Slazer Building**");

WHEREAS, Slazer and 24 East have requested that Owner grant to Slazer and 24 East an easement to allow for (i) the installation on and above the roof of the Flamingo Building of a flue duct and related equipment and installations connected to and exclusively serving the boilers in the Slazer Building (the "**Flue Equipment**"), and (ii) the repair and maintenance thereof; and

WHEREAS, Owner is willing to grant such easement upon and subject to the terms, covenants, conditions and provisions of this Agreement.

NOW, THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties mutually agree as follows:

1

1. <u>Grant</u>. Owner hereby grants to Slazer and 24 East an easement to construct, maintain, repair and operate the Flue Equipment on such portion of the roof of the Flamingo Building as is depicted on **Schedule C** annexed hereto and made a part hereof (collectively, the "**Easement Area**"), on the condition that Slazer and 24 East, at their sole cost and expense, pay all costs and expenses relating to the construction, maintenance, repair, replacement and operation of such Flue Equipment, and that the construction, maintenance, repair, replacement and operation of the same shall at all times be in accordance with applicable Legal Requirements (hereinafter defined) and the provisions of this Agreement. This easement is not granted for any other purpose, and the Flue Equipment may not be used to vent any equipment other than one (1) boiler in the Slazer Building nor to service any property other than the Slazer Building.

2. <u>Initial Construction.</u> (a) Slazer and 24 East will seal any penetrations into any surfaces of the Flamingo Building, including, but not limited to, the roof membrane, so as to prevent any water leakage, and the Flue Equipment must be installed by Slazer and/or 24 East in a manner which shall not void any warranties with respect to the Flamingo Building, or any part thereof, as may now or hereafter be held by or exist for the benefit of Owner.

(b) Throughout the period of the installation of the Flue Equipment, Slazer and/or 24 East shall install and utilize, at Slazer and/or 24 East's sole expense, such screening, supports, walk boards, and such other materials as may be required by Owner to protect the Flamingo Building and the occupants thereof, the pedestrians and vehicles on adjacent roadways and any other property or owners of property adjacent to the Flamingo Building.

(c) Slazer and/or 24 East shall, at their sole cost and expense, obtain and maintain in full force and effect, all necessary permits, licenses and other required approvals for the installation of the Flue Equipment, provided, however, that (a) no applications for such permits, authorizations or consents shall be filed by Slazer and/or 24 East with any governmental authority without Slazer and/or 24 East first obtaining Owner's written consent thereto. No portion of any work relating to the Flue Equipment shall be commenced until copies of all required permits, licenses and approvals for the applicable portion of the work have been delivered to Owner, and Slazer and/or 24 East shall timely deliver to Owner all required renewals of such permits, licenses and approvals.

3. <u>Maintenance, Repairs, Alterations</u>. (a) Following the installation of the Flue Equipment, Slazer and/or 24 East shall maintain the Flue Equipment in a first-class order, condition and state of repair, and shall have the right of access to the Easement Area for such purpose. Scheduled maintenance work shall be performed not more than four (4) times in each calendar year, and Slazer and/or 24 East shall cause the various aspects of such work to be performed and scheduled in such manner as will limit the need for access to the Easement Area to four (4) times per calendar year. The foregoing sentence shall not in any way limit Slazer and/or 24 East's obligation to promptly perform such further maintenance, repair or replacement to the Flue Equipment as may otherwise be required or necessary in an emergency. Slazer and/or 24 East will give Owner not less than thirty (30) days prior notice of each scheduled access to the Easement Area for maintenance work (except in case of emergency in which event Slazer and/or 24 East shall give Flamingo such notice as is reasonable under the circumstances) and will await Owner's approval thereof, such approval to be delivered within ten (10) days following Owner's

receipt of such notice. Slazer and 24 East shall also have the right of access to the Easement Area for the purpose of making emergency repairs, and shall give Owner such notice thereof as shall be reasonable under the circumstances. All maintenance and repairs (whether emergency or not) shall be undertaken and performed in a manner intended to minimize interference with Owner's activities on the Flamingo Building Property and the operation of the Flamingo Building as a McDonald's restaurant or for such other purposes as the Flamingo Property shall be being used.

(b) Slazer and 24 East (and its contractor(s) maintaining, repairing, replacing or performing any alterations to the Flue Equipment) must consult with Owner, and follow the directions of Owner and its contractor(s), to coordinate the timing and methods of such work so that same shall not interfere with the renovation of the Flamingo Building for use as a McDonald's restaurant or, following the opening thereof, the operation of the Flamingo Building as a Flamingo restaurant or such other purposes for which the Flamingo Property and/or Flamingo Building shall be operated.

(c) Prior to the performance of any alterations to the Flue Equipment, Slazer and/or 24 East will furnish to Owner Plans for such proposed alterations, prepared by a licensed architect or engineer engaged by Slazer and/or 24 East, at the sole cost and expense of Slazer and/or 24 East, in accordance with the General Equipment Specifications, in compliance with all Legal Requirements, and in sufficient detail to be accepted for filing (if such filing is required) by the New York City Building Department (or any successor or other governmental agency serving a similar function). Slazer and 24 East may not proceed with the proposed work until Owner has notified Slazer and 24 East of its approval of such Plans, which approval will not be unreasonably withheld. If Owner notifies Slazer and 24 East that it disapproves of the Plans, Slazer and 24 East will have the Plans revised to address Owner's objections and shall thereafter submit the revised Plans to Owner for approval. The procedure set forth above will continue until Owner has approved the Plans (as the same are revised).

(d) Slazer and/or 24 East shall, at their sole cost and expense, obtain and maintain in full force and effect, all necessary permits, licenses and other required approvals for the maintenance, repair, replacement and operation of the Flue Equipment, provided, however, that (a) no applications for such permits, authorizations or consents shall be filed by Slazer and/or 24 East with any governmental authority without Slazer and/or 24 East first obtaining Owner's written consent thereto. No portion of any work relating to the Flue Equipment shall be commenced until copies of all required permits, licenses and approvals for the applicable portion of the work have been delivered to Owner, and Slazer and/or 24 East shall timely deliver to Owner all required renewals of such permits, licenses and approvals.

4. Damage. Slazer and/or 24 East shall promptly restore and repair any damage caused to the Flamingo Property and/or Flamingo Building or any portion thereof or any fixture or equipment thereon as a result of the presence of the Flue Equipment or Slazer and/or 24 East's (or their agents', employees' or contractors') activities pursuant to this Agreement. Such repair and restoration work shall be commenced by Slazer and/or 24 East within ten (10) days of receipt from Owner of written notice specifying the damage caused by or resulting from the presence of the Flue Equipment or Slazer and/or 24 East's (or their agents', employees' or

3

contractors') activities pursuant to this Agreement (or such shorter period as may be appropriate in an emergency), and shall be diligently prosecuted to completion. Alternatively, Owner shall have the right at any time upon written notice to Slazer and 24 East to perform such repair and restoration work at the cost and expense of Slazer and/or 24 East. All damage or injury to the Flamingo Property and/or Flamingo Building, caused by or arising from any act or omission of Slazer and/or 24 East, or their agents or contractors, shall be repaired, restored or replaced by Owner, but at Slazer and/or 24 East's cost and expense. In such event, Slazer and/or 24 East shall reimburse Owner for the out-of-pocket costs of such repairs within thirty (30) days after Owner shall furnish a statement to Slazer and 24 East of the amount thereof.

5. Release of Claims. Slazer and 24 East waive all claims against Owner for damage to the Flue Equipment or any other interest of Slazer and/or 24 East. Slazer and 24 East agree that Slazer and/or 24 East's property loss risks shall be borne solely by Slazer and/or 24 East, and Slazer and 24 East agree to look solely to and seek recovery only from its insurance carriers to the extent of such losses; for purposes hereof, any deductible amount shall be treated as though it were recoverable under such policies.

6. Compliance with Law. Slazer and 24 East warrant, represent and covenant that the Flue Equipment and all work required performed pursuant to this Agreement shall comply with and be performed pursuant to all applicable federal, state, county, municipal, and other governmental statutes, ordinances, laws, rules, regulations and requirements, promulgated by any applicable governmental or quasi-governmental authorities, agencies, organizations, departments, commissions and boards having jurisdiction ("**Legal Requirements**"). If Slazer and/or 24 East shall receive notice of any violation of any Legal Requirements applicable to the Flue Equipment, Slazer and/or 24 East shall give notice thereof to Owner, and Slazer and/or 24 East shall promptly cause such violation to be cured and discharged of record.

7. Remedies. In the event of a default hereunder by Slazer and 24 East, Owner shall have the right to prosecute any proceedings at law or in equity against Slazer and 24 East, and to recover damages for any such violation or default. Such proceeding shall include the right to restrain by injunction any violation or threatened violation of any of the terms, covenants, or conditions of this Agreement, or to obtain a decree to compel performance of any such terms, covenants, or conditions. All of the remedies permitted or available to Owner under this Agreement or at law or in equity shall be cumulative and not alternative, and invocation of any such right or remedy shall not constitute a waiver or election of remedies with respect to any other permitted or available right or remedy.

8. Hazardous Materials. Slazer and 24 East shall not cause or permit any Hazardous Materials (hereinafter defined) to be used, stored, transported, released, handled, produced or installed in, on or from the Flamingo Property. The term "Hazardous Materials", as used herein, shall mean any flammables, explosives, radioactive materials, hazardous wastes, hazardous and toxic substances or related materials, asbestos or any material containing asbestos, or any other substance or material included in the definition of "hazardous substances", "hazardous wastes", "hazard materials", "toxic substances", "contaminants" or any other pollutant, or otherwise regulated by any federal, state or local environmental law, ordinance, rule or regulation, including the Comprehensive Environmental Response Compensation and Liability Act of 1980,

as amended, the Hazardous Materials Transportation Act, as amended, and the Resource Conservation and Recovery Act, as amended, and in the regulations adopted and publications promulgated pursuant to each of the foregoing Acts. In the event of a violation of any of the foregoing provisions of this paragraph, Owner may take all remedial action deemed necessary by Owner to correct such condition, and Slazer and/or 24 East shall reimburse Owner for the reasonable cost thereof, within thirty (30) days after demand.

9. Applicable Law. This Agreement is and shall be deemed a contract entered into under the laws of the State of New York and shall in all respects be construed and interpreted in accordance with the laws of said State (without giving effect to New York's principles of conflicts of law). Slazer and 24 East hereby irrevocably submits to the jurisdiction of any New York State or Federal court sitting in the City of New York over any suit, action or proceeding arising out of or relating to this Agreement.

10. Notices. Any notice required or permitted to be given under this Agreement shall be in writing and shall be delivered either (i) by United States Postal Service certified mail, return receipt requested, or (ii) by a nationally recognized overnight courier service for next day delivery, and shall be addressed to the party being notified at the address given below:

| | |
|---|---|
| If to Owner: | c/o Flamingo LLC<br>32 Flamingo Road<br>East Hills, New York 11576<br>Attn: Abe Shrem |
| If to Slazer: | 230 Congers Road<br>New City, New York 10956<br>Attn: Ira Shapiro |
| If to 24 East: | 230 Congers Road<br>New City, New York 10956<br>Atnn: Ira Shapiro |

Any such notice, request or other communication shall be considered given or delivered, as the case may be, on the date of delivery or the date that delivery is refused as evidenced by the records of the courier or delivery service or the United States Postal Service, as applicable. Rejection or other refusal to accept or inability to deliver because of changed address of which no notice was given shall be deemed to be receipt of the notice, request or other communication. By giving at least five (5) business days' prior notice thereof, any party may from time to time at any time change its address for notices hereunder.

11. Successors and Assigns. This Agreement shall be recorded against the Flamingo Property and the Slazer Parcel and 24 East 23rd Parcel in the Office of the City Register of the City of New York, County of New York. This Agreement shall inure to the benefit of Owner and Slazer and 24 East, and shall be binding on Owner and Slazer and 24 East, including, without limitation, jointly and severally with all current and future owners of any and all of the

5

commercial units in the Slazer Building and their respective assigns and successors in interest, as owner of their respective properties.

12. Modifications. This Agreement may not be modified, amended or terminated orally. Any such modification, amendment or termination shall only be by an instrument in writing, executed and delivered by Owner and Slazer and 24 East.

13. Partial Invalidity. In the event that any one or more of the provisions of this Agreement shall for any reason be held to be invalid or unenforceable, the remaining provisions shall be unimpaired and shall remain in effect and be binding upon the parties.

14. Attorneys' Fees. In the event of any litigation arising out of or with respect to this Agreement, the prevailing party will have the right to recover from the other party all reasonable costs and expenses including, but not limited to, reasonable attorney's fees, expert witness fees and all other costs, including all costs with respect to any appellate proceedings or any bankruptcy proceedings.

15. No Representations. Slazer and 24 East acknowledge and agree that Owner has not made any representation, warranty or other statement to Slazer and 24 East (and none is implied) regarding the feasibility, legality or expense of installing or operating the Flue Equipment hereunder.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives on the day and year first above written.

FLAMINGO LLC,
A New York Limited Liability Company

By: _____
Name: Abe Shrem
Title: Manager


SLAZER ENTERPRISES OWNER LLC,
a Delaware limited liability company

By: _____
Name: Ira Shapiro
Title: Manager

**MADISON PARK GROUP OWNER LLC,**
a Delaware limited liability company

By:_____
   Name:  Ira Shapiro
   Title:  Manager

**JMJS 23rd STREET REALTY OWNER, LLC,**
a Delaware limited liability company

By:_____
   Name:  Ira Shapiro
   Title:  Manager

**FKF MADISON GROUP OWNER LLC,**
a Delaware limited liability company

By:_____
Name:  Ira Shapiro
Title:  Manager

**24 EAST 23rd COMMERCIAL LLC,**
a New York limited liability company

By:_____
Name:  Ira Shapiro
Title:  Manager

**PARK MADISON ASSOCIATES, LLC,**
a New York limited liability company

By:_____
Name:  Ira Shapiro
Title:  Manager

**24 EAST 23rd COMMERCIAL LLC,**
a New York limited liability company

By:_____
Name:  Ira Shapiro
Title:  Manager

State of New York ) 
                   ) SS.:
County of New York )

On the 26th day of May in the year 2009, before me, the undersigned, personally appeared <u>ABE SHREM</u> personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Liza Levine 5/26/09_
Notary Public

LIZA LEVINE
Notary Public, State of New York
No. 01LE6204670
Qualified in New York County
Commission Expires April 20, 2013

SEAL

State of New York ) 
                   ) SS.:
County of New York )

On the 26th day of May in the year 2009, before me, the undersigned, personally appeared <u>IRA SHAPIRO</u> personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Liza Levine 5/26/09_
Notary Public

LIZA LEVINE
Notary Public, State of New York
No. 01LE6204670
Qualified in New York County
Commission Expires April 20, 2013

SEAL

# Schedule A Description

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Manhattan, City and State of New York, being more particularly bounded and described as follows:

BEGINNING at a point on the southerly side of 23rd Street distant 368' 3" easterly from the corner formed by the intersection of the southerly side of 23rd Street with the easterly side of Broadway;

RUNNING THENCE southerly at right angles to said 23rd Street to the center line of the block between 23rd and 22nd Streets 98' 9";

THENCE easterly along said center line of the block and parallel with 23rd Street 24' 8";

THENCE northerly at right angles to 23rd Street 98' 9" to the southerly side of 23rd
Street;

THENCE westerly along the southerly side of 23rd Street 24' 8" to the point or place of BEGINNING.

Excepting therefrom strips of land along the southerly side of the rear 1-story building on the premises herein, having a width of from 2 to 2 ½ inches and along the easterly side of 2 rear buildings on the premises herein having a width of 2 to 2 ½ inches.

PERIMETER DESCRIPTION: BEING THE SAME PREMISES AS: BLOCK 851 LOTS 57, 58, 59 AND 20

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of East 23rd Street distance two hundred and ninety-two (292) feet and eleven (11) inches easterly from the intersection of the southerly side of East 23rd Street with the easterly side of Broadway;

THENCE RUNNING southerly and at right angle to East 23rd Street, ninety-eight (98) feet nine (9) inches to a point along the center line of the block between East 23rd Street and East 22nd Street;

THENCE easterly along said center line of block and parallel with East 23rd Street, fifty (50) feet zero (0) inches to a point;

THENCE southerly and at right angles to said last mentioned course and partly through the center of a party wall ninety-eight (98) feet nine (9) inches to a point along the northerly side of East 23rd Street;

THENCE easterly along the northerly side of East 22nd Street, thirty-three (33) feet four (4) inches to a point;

THENCE northerly and at right angels to said last mentioned course and partly through the center of a party wall ninety-eight (98) nine (9) inches to a point along the center line of a block;

THENCE westerly along said center line of block and parallel with East 23rd Street, Eight (8) feet zero (0) inches;

THENCE northerly and at right angles to said last mentioned course and partly through the center of a party wall ninety-eight (98) feet nine (9) inches to a point along the southerly side of East 23rd Street;

THENCE westerly along said southerly side of East 23rd Street seventy-five (75) feet four (4) inches to the point and place of BEGINNING.

Together with the benefits and subject to the burdens of an Easement

Continued On Next Page

Agreement made between Gramercy Arms LLC and 23rd Street, LLC dated 2/3/2006 and recorded 4/3/2006 as CRFN 2006000184399.

Being known as Tax Lots 57, 58, 59 and 20 in Tax Block 851 in the City, County and State of New York.

Continued On Next Page

Schedule C

